SUNRISE DAIRIES, A NEW JERSEY CORPORATION, PLAIN-
TIFF, v. PIERRE'S STEAK HOUSE & RESTAURANT, INC.,
A NEW JERSEY CORPORATION AND PETER A. PARLE-
GRECO, DEFENDANTS AND THIRD PARTY PLAINTIFF
v. RAYMOND GOGLIA, THIRD-PARTY DEFENDANT.

Superior Court of New Jersey
Law Division

Decided June 28, 1963.

*Mr. Gilbert D. Chamberlin* for plaintiff.

*Mr. John A. Craner* for defendant Peter A. Parlegreco.

*Mr. David B. Zurav* for third-party defendant Raymond Goglia.

FELLER, J. S. C. This is a contract action against a corporate defendant and a statutory action against one of its former officers. A third-party complaint has been filed by the former officer against the former corporate president.

The complaint, which is in two counts, first seeks recovery of $2,100 from Pierre's Steak House and Restaurant, Inc. as being the balance due on a series of promissory notes. No answer was filed by this defendant and a default judgment has been obtained against this defendant. A former county district court judgment for $996 has also been docketed in the Superior Court against Pierre's Steak House and Restaurant, Inc., which judgment arose out of the same promissory notes but was only for a portion thereof.

The second count of the complaint charges that the defendant Peter A. Parlegreco, as secretary of the defendant corporation, is personally liable for its debts since he failed to file the certificate requested of him pursuant to *N. J. S. A.* 14:8–16 which is as follows:

"Upon payment of each installment of capital stock, and of every increase thereof, the president or a vice-president *and* the secretary or treasurer shall make a certificate stating the amount of the capital so paid and whether paid in cash or by the purchase of property.

This certificate shall be signed and sworn to by the president or such vice-president and the secretary or treasurer, and shall be filed in the office of the Secretary of State, within 10 days after such payment.

If any of such officers neglect or refuse so to do for 30 days after written request so to do by a creditor or stockholder of the corporation, they shall be jointly and severally liable for all its debts contracted before the filing of such certificate. (Emphasis added)

In answer to this count defendant Parlegreco denies that he was secretary of the corporate defendant when the request was made. It is further asserted that the request is defective since it named only one officer and not two as contemplated by the statute. It is also asserted as defenses that the corporation was bankrupt when the demand was made and its officers were restrained from exercising any of its privileges. The personal bankruptcy of Parlegreco is also urged as a defense.

Subsequently, in October 1962, defendant Parlegreco moved for summary judgment, or in the alternative, a dismissal of the complaint for failure to join the corporate president, Raymond Goglia, who was assertedly an indispensable party. Briefs were filed along with affidavits and, after argument, the motion, under both alternatives, was denied. Permission to file a third-party summons and complaint was granted, however.

Although the issues raised on the motion for summary judgment included the sufficiency of the demand made pursuant to the statute, it was not then decided that the statutory notice, served only upon one alleged officer, was valid. The status of the case not being actually ready for full presentation, the motion was denied and no issue of *res judicata* is now present.

On November 28, 1962 the defendant filed a third-party complaint against Goglia, the former president of defendant corporation. Relief by way of indemnification was sought on the basis that Goglia was the sole stockholder of the defendant corporation when the notice was served upon Parlegreco. In defense to this third-party action Goglia

asserts that he was personally adjudicated a bankrupt on August 23, 1960 and could not participate in the affairs of defendant corporation. It is also asserted, as a defense, that he did not receive a demand under the statute from plaintiff.

After presentation of proofs by plaintiff at the trial of this case, the court reserved decision on a motion for judgment argued by defendant. The argument was essentially that urged on the prior motion for summary judgment.

The prime question raised here is whether the statutory notice served upon defendant Parlegreco was legally sufficient in that no demand was made upon any other officer to comply with *N. J. S. A.* 14:8–16. (It is stipulated that the defendant Parlegreco was the only officer so served.) If it is found that the demand was legally sufficient, the remaining issues of employment status and bankruptcy will be treated.

No case on point has been found. However, the cases which have construed *N. J. S. A.* 14:8–16 clearly establish that this statutory provision is penal and requires a strict interpretation. *Frank Rizzo, Inc. v. Alatsas,* 27 *N. J.* 400, 405 (1958); *N. J. Sign Erectors Inc. v. Cocuzza,* 72 *N. J. Super.* 269, 271 (*Law Div.* 1962); *Sylvania Electric Products, Inc. v. Fulmer,* 47 *N. J. Super.* 444 (*Ch. Div.* 1957). In the *Rizzo* case, *supra,* both the president and secretary of the debtor corporation were served with the demand. In the *Sign Erectors* case, *supra,* only the *wife* of one of the officers was served and this service was defective in that it failed to give the husband-officer notice of the request. The issue of whether service on one officer was sufficient was not raised. So also in the *Sylvania Electric Products* case, *supra,* although only one officer was served and found liable the defense now raised was not therein raised.

In considering the present statute this court is guided, not only by the principle of strict construction, but also by the major policy behind the corporate entity—the limitation of personal liability. See 16 *Rutg. L. Rev.* 257 (1961–62).

The statute, *N. J. S. A.* 14:8–16, requires the certificate to be signed by the president or vice-president, *and* the secretary or treasurer. Thus, it must be signed by at least two officers. It must also be sworn to by at least two officers, presumably the same officers who signed it. The remainder of the statute imposes liability upon "any such officers" who neglect or refuse either to sign it, swear to it *or* file it within 30 days after written request to do so. The statute further states that *"they* shall be *jointly and severally* liable for all its debts contracted before the filing of such certificate." The statute contemplates a failure to do the lawfully completed act of filing a properly signed and sworn to certificate. This act cannot be done by one officer, it must be done by at least two.

The statute requiring the certificate to be signed and sworn to by at least two officers before it can be properly filed appears to contemplate that the 30-day written notice be served upon at least those who must sign the certificate. Thus, service must be made upon any combination of the two officers who may execute the certificate in order to attach personal liability on "any of *such* officers" who refuse or neglect to comply with the demand. This is not a statute such as *N. J. S.* 2A:17–74 which requires every *"agent* or *person* having charge or control" of corporate property to furnish an officer having a writ of execution with the names of directors, officers and a schedule of corporate assets. *N. J. S.* 2A:17–74 speaks in the *singular* and imposes liability in the *singular* as follows:

"Any such agent or person who shall neglect or refuse to comply with the provisions of this section shall himself be liable to pay the execution creditor the amount due on the execution, with costs."

The act called for in *N. J. S.* 2A:17–74 is one which can be done by *one* person and liability is imposed after a request upon that *single person* has not been complied with. The act called for in *N. J. S. A.* 14:8–16 is one which requires the active participation of at least *two* officers and

at least these two officers should be served with the request to comply with the statute before either or any of them so served can be held personally liable for failing to comply with the demand. If service of the demand is made upon at least two of the requisite officers, then a suit may be brought against either or both of them if any of them neglect or refuse to comply with the demand. Service upon *both* is a condition precedent to suit against any *one* of them.

Plaintiff argues that it is the statute which creates the duty to file the certificate, not the demand, and therefore each officer, whether served with the request or not, was already under an obligation to file such a certificate. This may be true, but the duty created by the first portion of the statute is one which the corporation or its officers owe to the public and not only to protect existing creditors. It is required to afford a source of information to those who intend to do business or enter into contractual relations with the corporation. See 5 *Fletcher, Law of Corporations* (*rev. ed.* 1952), *sec.* 2259, *pp.* 914–916. The object of the penal provision is to secure compliance with the law by making the officers who violate the previous duty personally liable for the debts of the corporation. This penal provision does not become enforceable until the pre-existing duty is not complied with. To compel compliance with this prior duty requires a demand upon those who can and should perform that duty. No such notice was given here.

Since the statutory penal provision has not been strictly complied with, the plaintiffs have failed to state a cause of action against defendant Parlegreco. The third-party complaint, therefore, need not be considered.

A judgment of no cause of action will be entered on behalf of defendant.

A judgment in accordance with this opinion, duly consented to as to form or settled upon notice pursuant to *R. R.* 4:55–1, will be submitted to the court.